IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM L. SCOTT, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | ) CIVIL ACTION NO. _____ |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| HOUSING AUTHORITY, | ) |
| SERVE: Adrianne Todman, Executive Director | ) |
| District of Columbia Housing Authority | ) |
| 1133 North Capitol Street, N.E. | ) |
| Washington, D.C. 20002, | ) |
| | ) |
|     Defendant | ) |

**COMPLAINT**

**(For Declaratory Judgment and Injunctive Relief)**

1. This is an action to vindicate the right of residents of the District of Columbia Housing Authority lawfully to keep firearms in their homes as guaranteed by the Second Amendment to the United States Constitution.

**Parties**

2. Plaintiff William L. Scott is a resident of the District of Columbia and a citizen of the United States.

3. Defendant District of Columbia Housing Authority (hereafter "the Authority") is an independent authority of the District of Columbia government, which is organized under the Constitution and laws of the United States.

**Jurisdiction**

4.  Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under of color of the laws, statute, ordinances, regulations, customs and usages of the District of Columbia, of rights, privileges or immunities secured by the United States Constitution.

5.  This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

**Background and Facts**

6.  The Authority is directed to govern public housing in the District, and is responsible for providing decent, safe, and sanitary dwellings, and related facilities, for persons and families of low- and moderate-income in the District of Columbia. D.C. Code § 6-202(b).

7.  The Authority is empowered to lease, operate, manage, and maintain Housing Properties in furtherance of its purposes. D.C. Code § 6-203(7).

8.  Plaintiff William L. Scott is a 66 year old, long-term tenant in public housing administered by the Authority. Mr. Scott owns a rifle (which he purchased when he was 18 years old) and two shotguns which were and continue to be lawfully registered pursuant to D.C. Code § 7-2502.01(a). From the time he became a tenant in public housing administered by the Authority for a number of years thereafter, he lawfully possessed these firearms in his home. During those years, the Authority did not prohibit the lawful possession of firearms in one's residence.

9. The Authority imposed a new Dwelling Lease Agreement in January 2008 which prohibits lawful possession of registered firearms and ammunition from the dwelling. It includes the following pertinent provisions:

> **8.10 Additional Use Restrictions and Requirements**. Lessee and all Others are required to comply with the following use restrictions and requirements: . . .
> **8.10.4 Firearms**. To refrain from storing, maintaining, using, distributing, purchasing or selling any type of firearms or ammunition on the Leased Premises or the Development, whether registered or unregistered.
>
> **18.1** . . . Lessee and all Others are obligated as follows: . . .
> **18.1.6** To not . . . be in possession of any firearm or ammunition for a firearm.
> **18.1.7** The Lessee is strictly liable for violations of Sections . . . 18.1.6.
>
> **20.1 Breach of Lease.** The Authority may terminate this Lease for any serious or repeated breach of the material terms of this Lease by Lessee . . . .
> **24.2** Lessee understands the Lease and agrees to abide by the terms of the Lease . . . .

10. The Authority made the above change in the Dwelling Lease Agreement despite the District of Columbia's law prohibiting possession of handguns and usable firearms in the home being declared unconstitutional under the Second Amendment to the United States Constitution in *Parker v. District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007). The Authority required Mr. Scott to sign the Agreement on January 25, 2008.

11. In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court affirmed the *Parker* decision and held that "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense." Nonetheless, the Authority has failed to rescind the provisions of the Dwelling Lease Agreement prohibiting possession of any firearm in the home.

12. To avoid being in violation of the Authority's prohibition on possession of any firearm, which would subject him to eviction, Plaintiff Mr. Scott was, is, and will continue to be required to store his firearms in another location away from his residence. Doing so deprives him of the possession thereof, including for use in self defense and other lawful purposes.

13. In a Notice of Proposed Lease Change and Opportunity to Comment dated May 1, 2009, the Authority proposed a lease change, stating: "The proposed change to the lease is required because the laws and regulations governing the possession and registration of firearms in the District of Columbia have changed since your lease was implemented." The proposed changes were as follows (new language shown in **bold italics**):

> **8.10.4 Firearms**. ***Except as permitted by District of Columbia law t***o refrain from storing, maintaining, using, distributing, purchasing or selling any type of firearms or ammunition on the Leased Premises or the Development, whether registered or unregistered.
> **18.1.6** To not engage in any violent criminal activity or***, except as permitted by District of Columbia law,*** be in possession of any firearm or ammunition for a firearm.

14. On behalf of Mr. Scott, counsel filed a letter dated May 11, 2009, in support of the lease amendment, explaining about the prohibitions on lawful firearms imposed in the January 2008 lease: "Imposition of the above required my client, at great inconvenience, to locate a suitable place other than his residence to store his lawfully registered firearms." Despite the passage of over two years since its proposed lease change, the Authority has failed to rescind, or to notify Mr. Scott of any rescission of, the provisions of the Dwelling Lease Agreement prohibiting lawfully-registered firearms and lawfully-possessed ammunition.

15. As a proximate cause of the imposition by the Authority of the Dwelling Lease Agreement, the Authority has subjected and continues to subject Plaintiff Scott to irreparable harm. Plaintiff Scott has been and will continue to be injured by the action of the Authority in prohibiting him from lawfully possessing firearms in his dwelling

### COUNT ONE

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

18. The Authority may not require a law-abiding person, including Plaintiff Scott, to forfeit his constitutional right to keep and bear arms in compliance with the laws of the United States and the District of Columbia in order to receive the benefit of public housing. The Authority may not forbid possession of lawful property in the privacy of one's dwelling. Persons in public housing have the same legal right to keep and bear arms and to possess lawful property as do persons who reside elsewhere.

19. The provisions of the aforesaid Dwelling Lease Agreement, facially and as applied, prohibiting lawful possession of firearms and ammunition infringe on the right of the people, including Plaintiff Scott, to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution, and are thus void.

WHEREFORE, Plaintiff prays that the Court:

1. Enter a declaratory judgment that the provisions of the Dwelling Lease Agreement prohibiting lawful possession of firearms and ammunition infringe on the right of the people to keep and bear arms, in violation of the Second Amendment to the United States Constitution and are void.

2. Issue preliminary and permanent injunctions enjoining the Authority and its agents, officers, and employees from enforcement of or taking any adverse action, including but not limited to eviction, based on the provisions of the Dwelling Lease Agreement prohibiting lawful possession of firearms and ammunition.

3. Grant such other and further relief as may be proper.

4. Award Plaintiff attorney's fees and costs.

        Respectfully Submitted,

        William L. Scott, Plaintiff

        By Counsel


         /s/ Stephen P. Halbrook
        Stephen P. Halbrook
        D.C. Bar No. 379799


         /s/ Richard E. Gardiner
        Richard E. Gardiner
        D.C. Bar No. 386915

        3925 Chain Bridge Road, Suite 403
        Fairfax, VA  22030
        (703) 352-7276

        Attorneys for Plaintiffs